**Mao Li HUANG, Petitioner**

v.

**John ASHCROFT, Attorney General of the United States, Respondent**

No. 01–2950.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) April 18, 2002.

Filed June 28, 2002.

Before NYGAARD and AMBRO, Circuit Judges, and O'NEILL,* District Judge.

OPINION OF THE COURT

O'NEILL, Circuit Judge.

Petitioner Mao Li Huang is seeking review of the United States Board of Immigration Appeals' decision of June 25, 2001, dismissing his appeal as untimely. Huang asserts that the attorney representing him

* Honorable Thomas N. O'Neill, Jr., U.S. District Judge for the Eastern District of Pennsylvania, sitting by designation.

before the Immigration Judge failed to file an appeal but hid this fact from Huang and his family resulting in a violation of his due process rights under the Fifth Amendment of the United States Constitution.

## I.

Huang entered the United States in April, 1999. On May 6, 1999 the Immigration and Naturalization Service issued a Notice to Appear against Huang. The INS asserted that Huang was removable from the United States under the Immigration and Nationality Act for misrepresenting a material fact in order to obtain admission to the United States, 8 U.S.C. § 1182(a)(6)(c)(i), and for failing to possess a valid entry document at the time of his admission, § 1182(a)(7)(A)(i)(I). Huang, a native of the People's Republic of China, applied for asylum, withholding of removal, and protection under the Convention Against Torture. On August 11, 1999 an Immigration Judge denied this request and ordered his removal. Huang had until September 10, 1999 to appeal this decision to the Board of Immigration Appeals. 8 C.F.R. § 3.38(b).

On September 1, 2000 new counsel for petitioner filed an entry of appearance, notice of appeal and request for a stay of deportation. (A.R.9).[1] The accompanying letter explained that the "appeal had not previously been taken because of representations by [Huang's] former counsel that [the] appeal had been taken, when it had not. These representations by his former counsel were continued until a few days ago, when for the first time the alien's relatives learned otherwise." Id.[2] Petitioner's request for a stay of removal was denied on September 1, 2000, the same day it was filed.

On petitioner's notice of appeal form his counsel placed an "X" next to item number "6" thereby agreeing to the statement: "I will file a separate written brief or statement in addition to the "Reason(s) for Appeal" written above or accompanying this form" (A.R.19). Following item number "6" is a box with a large bold exclamation point next to which is the statement: "WARNING: Your appeal may be summarily dismissed if you indicate in Item # 6 that you will file a separate written brief or statement and, within the time set for filing, you fail to file the brief or statement and do not reasonably explain such failure." Id. (emphasis in original). Thereafter, no brief or statement was filed, and on June 25, 2001, the BIA dismissed petitioner's appeal as untimely.

In its June 25 decision the BIA stated that should petitioner wish "to file a motion to reconsider challenging the finding that the appeal was untimely, [he] must file [his] motion with the Board." Petitioner never filed such a motion. On July 24, 2001 Huang submitted the present petition for review. On July 25, 2001, this Court granted Huang's request for a stay of removal pending the outcome of this petition.

## II.

The government contends that this Court lacks jurisdiction over Huang's peti-

---

1. "A.R." refers to the certified administrative record submitted with the petition.

2. The appeal form stated:
   The appellant established by an overwhelming preponderance of the credible evidence that he and his wife were persecuted for violation of China's coercive family planning policy, with his wife being sterilized against her will. The appellant did not take this appeal because his former attorney assured his relatives that the appeal had been taken and that they were only awaiting the result. It is only recently that the relatives learned that no appeal had been taken, within the last week.
   (A.R.18).

tion because he failed to comply with 8 U.S.C. § 1252(d), which precludes review by this Court unless "the alien has exhausted all administrative remedies available to the alien as of right." Petitioner never submitted a supplemental brief following his notice of appeal and never filed a motion to reconsider with the BIA following the denial of his appeal. The only explanation ever received by the BIA for petitioner's tardiness in filing ever received by the BIA was the two sentences he included with the materials filed on September 1, 2000.

Petitioner asserts that the BIA never received the supplemental brief promised by petitioner's counsel because the BIA "failed to follow its own procedures" by not serving the parties with a briefing schedule, (Pet. Rep. at 5), and the BIA "did not accept a brief from [Huang's] counsel." (Pet. Br. at 14). However, petitioner has not submitted any evidence or other support for these assertions.

Following the dismissal of his appeal, petitioner states that he declined to file a motion to reconsider with the BIA because he had "presented his claim of ineffectiveness of counsel to the [BIA] twice, and was rebuffed twice," (Rep. Br. at 4), implying that any further submissions would have been futile. This assertion appears to be based on the BIA's denial of his request for a stay of removal on September 1, 2000 and the dismissal of his appeal on June 25, 2001. However, nothing in the BIA's treatment of either of these submissions provides an explanation as to why petitioner failed to submit to the BIA more than a two-sentence explanation of the circumstances that led to his untimely appeal. Petitioner's failure to file a motion to reconsider with the BIA is particularly note-

worthy in light of the specific instruction contained in the BIA's decision concerning the procedure for "challenging the finding that the appeal was untimely." (A.R.2). As the government notes, among the citations the BIA included in the instruction was *Matter of Lopez*, Interim Decision 3343 (BIA 1998). In *Lopez* the Board held that "it retains jurisdiction over a motion to reconsider its dismissal of an untimely appeal to the extent that the motion challenges the finding of untimeliness or requests consideration of the reasons for untimeliness." Consideration of the reasons for the untimeliness of Huang's appeal is exactly what petitioner claims he was denied; yet a motion for reconsideration was never filed. Since the BIA was never given a brief containing a detailed factual explanation of these circumstances, let alone any legal analysis in support of those facts, it is not surprising that there is nothing in the BIA's order indicating that it had considered petitioner's contentions concerning his attorney's role in causing the delayed filing.[3] In our view, petitioner was not deprived of an opportunity to submit his claims to the BIA; he simply did not do so.

■ Petitioner further contends exhaustion of his claim with the BIA is not required because the Board does not have jurisdiction to adjudicate due process claims alleging ineffective assistance of counsel. However, it is the law of this Circuit that the BIA may properly examine claims of ineffective assistance. *See Lu v. Ashroft*, 259 F.3d 127 (3d Cir.2001). In *Lu*, petitioner, like Huang, sought asylum claiming persecution under the People's Republic of China's "one couple—one child" policy. The petitioner's request was denied and he claimed thereafter, as here,

---

**3.** The government attacks the sufficiency of an affidavit filed by Huang's sister in support of his request for a stay of removal. This affidavit has not been submitted to the Court and we therefore are unable to consider what possible effect it might have had on the BIA.

that his attorney agreed to pursue an appeal, but then unbeknownst to petitioner failed to do so. Petitioner then filed a motion to reopen the administrative proceeding with the Immigration Judge seeking to allow the filing of an untimely appeal with the BIA based on his claim of ineffective assistance of counsel. The Immigration Judge denied the motion and petitioner appealed to the BIA, which also rejected the claim of ineffective assistance. The *Lu* Court affirmed the denial of petitioner's motion to reopen, holding that the BIA's three prong test for analyzing ineffective assistance claims was a reasonable exercise of its discretion. 259 F.3d at 133. In the case before us the BIA was not afforded the opportunity to apply these factors. Huang states that *Lu* is "not apposite" because it "concerned the affirmance of a motion to reopen." (Pet. Rep. Br. at 4). In Huang's case however, despite being in a situation procedurally identical to the *Lu* petitioner, no similar motion was submitted. This does not render *Lu* inapposite, but rather underscores Huang's failure to take the action that was necessary for review of his claim.

Huang relies on our statement in *Marrero v. INS*, 990 F.2d 772, 778 (3d Cir. 1993), citing *Sewak v. INS*, 900 F.2d 667, 670 (3d Cir.1990): "There is a limited exception to the requirement of exhaustion when there is no administrative forum in which an alien could advance a due process claim. Thus, were the BIA the only available forum, failure to exhaust would be excused." Both *Sewak* and *Marrero* cite with approval *Vargas v. United States Dep't of Immigration Naturalization*, 831 F.2d 906, 908 (9th Cir.1987), which states, "due process claims are generally exempt from [the exhaustion requirement] because the BIA does not have jurisdiction to adjudicate constitutional issues." However, these cases did not involve claims of ineffective assistance of counsel but rather challenged an order of deportation imposed on an alien in absentia. As these due process claims amounted to procedural errors correctable through the administrative process we held that they fell outside the exemption from the exhaustion requirement for due process claims. *See Marrero*, 990 F.2d at 778; *Sewak*, 900 F.2d. at 670. While there may be some due process claims that lie outside the discretion of the BIA, under *Lu* the Board may properly review claims of ineffective assistance of counsel. 259 F.3d at 132 ("This is the first opportunity we have had to review the Board's three prong test for analyzing ineffective assistance of counsel claims. We conclude that it is a reasonable exercise of the Board's discretion.").[4]

---

**4.** Petitioner also relies on the statement of the Court of Appeals for the Second Circuit in *Rabiu v. I.N.S.*, 41 F.3d 879 (2d Cir.1994), quoting the *Rabiu* Court as stating: "In light of the fact that the BIA does not have jurisdiction to adjudicate the issue of ineffective assistance of counsel ... we will consider Rabiu's claim of ineffective assistance of counsel." 41 F.3d at 882, (Pet. Rep. Br. at 2–3). The quote in its entirety is as follows:

In light of the fact that the BIA does not have jurisdiction to adjudicate the issue of ineffective assistance of counsel, *see* [*Arango–Aradondo v. INS*, 13 F.3d 610, 614 (2d Cir.1994)], we find that the prudential concerns raised in *Arango–Aradondo* are not present. We would not be prematurely interfering with the agency's processes, the agency has considered the facts before us and provided its expertise, and the record on appeal is adequate. Under these circumstances, we will consider Rabiu's claim of ineffective assistance of counsel.

In *Arango*, the Court held that while the failure to move to reopen did not deprive the Court of jurisdiction because the BIA did not have jurisdiction to decide constitutional issues, "for prudential reasons, ineffectiveness claims should be decided by the BIA in the first instance ... [thus avoiding] any premature interference with the agency's processes and, in addition to affording the parties and courts the benefit of the agency's expertise, it

We agree with petitioner's contention that the exhaustion of administrative remedies is not always required when the petitioner advances a due process claim. *See Sewak v. INS*, 900 F.2d 667, 670 (3d Cir. 1990). However in *Sewak* the Court noted that petitioner had "raised before the BIA, and the BIA considered, the same issues he raises in his petition for review in this Court. It cannot be denied that [petitioner] has exhausted his remedy of appeal to the BIA." 900 F.2d at 670–71. As noted above this situation bears no resemblance to the case before us. As the Court of Appeals for the Ninth Circuit stated in *Liu v. Waters*, 55 F.3d 421, 426 (9th Cir.1995): "Counsel should not expect to resurrect hopelessly neglected points before this court by claiming that they involved due process and thus could not have been considered by the BIA." *See Sewak*, 900 F.2d at 673 ("As an appellate Court we do not take testimony, hear evidence or determine disputed facts in the first instance. Instead we rely upon a record developed in those fora that do take evidence and find facts.").

### III.

For the foregoing reasons, the petition for review will be denied and the stay of removal granted on July 25, 2001 will be vacated.

---

will compile a record for judicial review." *Arango*, 13 F.3d at 614. Accordingly the *Arango* Court denied petitioner's application for review, granting him a sixty day stay of deportation in which to file a motion to reopen with the BIA.

